J-A17029-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
  :   PENNSYLVANIA
  :
  :
v.   :
  :
  :
  :
CHRISTOPHER LEE ROBINSON   :
  :
Appellant   :   No. 814 EDA 2018

Appeal from the Judgment of Sentence January 24, 2018
In the Court of Common Pleas of Monroe County Criminal Division at
No(s): CP-45-CR-0002139-2013

BEFORE: PANELLA, P.J., OLSON, J., and FORD ELLIOTT, P.J.E.

JUDGMENT ORDER BY OLSON, J.:        **FILED AUGUST 13, 2019**

This judgment order turns on recent procedural developments in this case that pertain to Appellant's representation by his trial counsel (hereinafter "Counsel"). Hence, we confine our review to those relevant procedural facts.

Following Appellant's sentencing, Counsel filed a timely notice of appeal on Appellant's behalf. However, Counsel also filed two requests in the trial court to terminate his legal representation of Appellant. These efforts to withdraw were unsuccessful. Further, Counsel filed a petition to withdraw in this Court. By order entered on October 16, 2018, we denied counsel's motion to withdraw without prejudice to his ability to seek relief in the trial court. Order, 10/16/18, at 1. Counsel then filed, in this Court, an advocate's brief on Appellant's behalf.

Our review of the docket reveals that, after Counsel filed an appellate brief in this Court, the trial court entered an order that permitted Counsel to

withdraw. *See* Docket Entry at 5/6/19. There is no evidence that the trial court conducted a hearing to "determine whether new counsel is entering an appearance, new counsel is being appointed to represent [Appellant], or [Appellant] is proceeding without counsel." *See* Pa.R.Crim.P. 120(B)(3) ("[u]pon granting leave to withdraw, the court shall determine whether new counsel is entering an appearance, new counsel is being appointed to represent the defendant, or the defendant is proceeding without counsel"). Further, Appellant is now acting *pro se* on this direct appeal from his judgment of sentence – and is doing so without expressly waiving his right to counsel or being colloquied to ensure that his "waiver of the right to counsel is knowing, voluntary, and intelligent." *See* Pa.R.Crim.P. 121(A) ("[t]o ensure that the defendant's waiver of the right to counsel is knowing, voluntary, and intelligent, the judge or issuing authority, at a minimum, shall elicit the following information from the defendant . . ."). Finally, we note that Appellant filed a *pro se* "application for appointment of new counsel and/or *Grazier* hearing" in this Court, where Appellant requested a hearing so that the trial court could determine whether Counsel must "re-represent Appellant" or whether Appellant is entitled to the appointment of new counsel during this direct appeal. *See* Appellant's *Pro Se* Petition for Appointment of New Appellate Counsel, 6/3/19, at 1-6.

We must therefore remand this case to the trial court. On remand, the trial court shall determine, on-the-record, "whether new counsel is entering an appearance, new counsel is being appointed to represent [Appellant], or

[Appellant] is proceeding without counsel." **See** Pa.R.Crim.P. 120(B)(3). Central to this inquiry, the trial court must determine whether Appellant is entitled to the appointment of counsel and whether Appellant knowingly, voluntarily, and intelligently wishes to waive his right to an attorney on this direct appeal. If Appellant is entitled to the appointment of counsel and he desires representation on appeal, then the trial court shall appoint counsel to represent Appellant. If Appellant is not entitled to the appointment of counsel, but wishes to retain new counsel, the trial court shall permit Appellant this opportunity. Finally, if Appellant wishes to waive his right to counsel, the trial court shall properly colloquy Appellant to ensure that his waiver is knowing, voluntary, and intelligent. **See** Pa.R.Crim.P. 121. The trial court shall complete these obligations within 45 days of the date on which our order is filed.

Case remanded. Panel jurisdiction retained.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/13/19